ROME COCA COLA BOTTLING COMPANY *v.* MAYOR AND ALDERMEN OF CALHOUN *et al.*

1. The provision made by way of amendment to the charter of a town, that it should have power and authority to "levy and collect a tax or license fee upon all  .   .  itinerant vendors of articles, wares, soft drinks, or merchandise of any character," authorized the passage by the municipal authorities of an ordinance imposing a tax or license fee upon "every travelling or itinerant vendor of articles, wares, soft drinks, except such as are excepted by the laws of Georgia."
2. Under the evidence in the record, it can not be held that the "tax or license fee" imposed was unreasonable or exorbitant.
3. The contention that the ordinance "is void in that neither the time nor manner of paying the tax was fixed thereby as required by law" is without merit, it not appearing that in some other ordinance the time and manner of paying taxes of the character of that sought to be collected of the plaintiff in error was not fixed, and there being no com-

.plaint that the plaintiff in error did not have a reasonable opportunity to pay the tax in question.

APRIL 16, 1910.

Petition for injunction.    Before Judge Fite.    Gordon superior court.    October 25, 1909.

*George A. H. Harris & Son,* for plaintiff.

*J. G. B. Erwin* and *F. A. Cantrell,* for defendants.

BECK, J.    The Rome Coca Cola Bottling Co., a corporation, made application for injunction against the Mayor and Aldermen of the town of Calhoun and the marshal of the town.    Upon the hearing an interlocutory injunction was denied.    The only witness introduced testified, that he was the secretary and treasurer and business manager of the bottling company; that it manufactured bottled coca cola; that, as required by the tax-collector of Floyd county, the company paid a State tax of five dollars per year, and also paid a tax to the City of Rome for the bottling business; that in the town of Calhoun, Georgia, the company only sells bottled coca cola and soda water to merchants by the case, and does not come in competition with the established business of the town; that no license tax was ever demanded of the company "other than what was said to the driver who delivered in the company's wagons."    It appeared that the marshal of the town against whom injunction was sought was proceeding to enforce, by levy upon the horse, wagon, and contents of the wagon, the property of the applicant for injunction, an execution issued by the municipal authorities of Calhoun, commanding him to levy upon and sell a sufficient amount of the property of the company "to make the sum of fifty dollars due the town of Calhoun, Georgia, for a tax or license fee, for the privilege of selling or offering for sale soft drinks in said town, as provided by an ordinance of said town."    The ordinance under which the tax fi. fa. was issued is as follows:

"Be it ordained by the Mayor and Aldermen of the Town of Calhoun, and it is hereby ordained by authority of the same, that every travelling or itinerant vendor of articles, wares, soft drinks, except such as are excepted by the laws of Georgia, shall pay a tax or license fee of fifty dollars for a fiscal year or fractional part thereof, for the purpose of selling or offering to sell said articles in said town, unless by special permit of the mayor and aldermen. And the marshal is hereby empowered to seize the goods of all per-

sons violating this ordinance, until the tax or license is paid, and upon a refusal to pay said tax the marshal shall advertise and sell the goods, wares, merchandise that may be seized, or so much thereof as will pay the tax assessed, and all costs due thereon. Approved Sept. 6, 1909."

The fi. fa. bears the same date as that of the passage of the ordinance. Petitioner contended, that the mayor and aldermen had no authority under the charter of the town of Calhoun to collect any specific tax of petitioner, as the company only sold to the merchants of the town of Calhoun and not in competition with the established business of the town; that the ordinance was void, in that it failed to fix the time and manner in which said tax should be paid; and that the tax is unreasonable, and the enforcement and collection of the same was undertaken for the purpose of annoying and harrassing petitioner.

1. In section 1 of an act of the legislature approved August 14, 1909 (Acts 1909, p. 580), it is provided: "That the mayor and aldermen of the town of Calhoun shall have power and authority to levy, assess, and collect a tax or license fee upon all solicitors or canvassers selling goods, wares, or merchandise by sample, at retail, or to consumers; upon itinerant traders, auctioneers, clock and stove peddlers, peddlers of all kinds, all itinerant vendors of articles, wares, soft drinks, or merchandise of any character, except such are excepted by the laws of Georgia. . . Said corporate authorities shall have power and authority to compel the payment of said tax or license fee; to make all necessary by-laws and ordinances to carry out the power and authority herein conferred, and to prescribe and enforce suitable penalties for violation thereof." The language of the above act is sufficiently comprehensive to authorize the ordinance which is here challenged upon the ground that it was passed without charter authority. The portion of the act quoted, which was an amendment to the charter of the town of Calhoun, expressly authorizes the municipal authorities to assess and collect a tax or license fee upon all "itinerant vendors of  .. . . soft drinks or merchandise of any character," and it appears from an examination of the ordinance, so far as it relates to the business pursued by the petitioner, that it follows substantially the language of the charter amendment conferring the power in question. That petitioner fell within one of the classes upon whom the

charter provision authorizes the assessment of the "tax or license fee" is clear from the averments of the petition itself, it being stated in the petition: "Petitioner sends out to merchants in the country and nearby towns adjacent to Rome, Georgia, bottled coca cola, selling the same to them at their respective places of business in case lots. Petitioner, after having prepared said coca cola in bottles and cased the same, delivers it upon its own wagons through its servants to the merchants aforesaid, and has for some time been selling and delivering to the merchants of Calhoun, in said State and county." But it is contended that the provisions in the charter of the town as contained in the amendment which we have quoted above are to be construed in connection with the provisions of section 25 of an act approved November 27, 1901 (Acts of 1901, p. 342), which provides that the municipal authorities of the town of Calhoun may "levy and collect a specific tax of not exceeding ten dollars per annum . . on all itinerant traders or peddlers who may deal in articles or commodities which may come in competition with the established business of said town;" and the plaintiff in error insists that, as it sells only to the merchants and dealers, it does not come in competition with any established business of the town. We do not think that the provision in the amendment first referred to is modified or limited by the provision in the charter which we have last quoted above; but construing the amendment as a part of the charter, it enlarges the taxing powers of the municipal authorities and invests them with power to levy the tax sought to be collected by the ordinance in question of all itinerant vendors of soft drinks, etc. No attack is made upon the constitutionality of the provisions in the amendment to the charter, and none upon the ordinance in question, save those which are set forth above.

2. Under the evidence in the record it can not be held that the "tax or license fee" imposed was unreasonable or exorbitant.

3. The contention that the ordinance "is void in that neither the time nor the manner of paying the tax was fixed thereby as required by law," is without merit, it not appearing that in some other ordinance the time and manner of paying taxes of the character of that sought to be collected of the plaintiff in error was not fixed, and there being no complaint that the plaintiff in error did not have a reasonable opportunity to pay the tax in question.

*Judgment affirmed. All the Justices concur.*